FILED

## UNITED STATES FEDERAL DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

2019 AUG -6  AM 9: 24

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ROBERT BRADSHAW,

    Plaintiff,

                            Case No. 8:19 cv 1931 T 36 spf

vs.

BROOKDALE SENIOR LIVING INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    The Plaintiff, Robert Bradshaw ("Plaintiff"), by and through his undersigned counsel, hereby files his Complaint against Defendant, Brookdale Senior Living Inc. ("Defendant"). In support thereof, Plaintiff states:

## INTRODUCTION AND JURISDICTIONAL AMOUNT

1.    This is a civil action by Plaintiff against his former employer for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"); the Fair Standards Labor Act as amended, 29 U.S.C. §201 *et seq.;* the Florida Private Whistleblower Act, §448.101-105 *et seq;* and age claim under the Florida Civil Rights Act ("FCRA") §760.01 *et seq*. Pursuant to these statutes, Plaintiff seeks monetary damages, prejudgment interest, attorneys' fees and costs as specified below, and other damages and equitable relief as permitted by law.

2.      Jurisdiction of this Court is invoked under the ADEA and the FSLA. This Court has jurisdiction pursuant to §1331 and §1343 of 28 U.S.C. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 (a).

3.      Venue is proper in this judicial district under 28 U.S.C. §1391 because the unlawful employment actions complained of in this Complaint arose in the Middle District of Florida, where the Plaintiff was employed and then, illegally terminated.

## ADMINISTRATIVE PROCEEDINGS

4.      Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in Tampa, Florida and asked that it be "dual filed" with the Florida Commission on Human Relations on or about April 8, 2019, charging Defendant with unlawful age discrimination. Plaintiff received a Notice of Right to Sue Letter from the EEOC dated May 28, 2019 (received on June 3, 2019). The Charge and the Right to Sue are both attached as Exhibit "A."

5.      The instant action is commenced within ninety (90) days of receipt of the Notice of Right to Sue Letter referenced above.  Plaintiff has complied with all the jurisdictional prerequisites prior to bringing this federal lawsuit.

## PARTIES

6.      Plaintiff, Robert Bradshaw, is a 70 year old man.    He was, at all relevant times, a citizen of the State of Florida. Plaintiff was an employee of Defendant from 2000 until his termination on December 7, 2018.  He worked as a physical therapist for Defendant at the location known as "Freedom Square" at 7800 Liberty Lane, Seminole, Florida 33772.

7.      During his employment, Plaintiff was classified as an "hourly" employee by Defendant under the FLSA.  He earned approximately $40 an hour. However, he has not been paid for overtime for approximately 5 hours worked in excess of 40 per week within the past three years.

8.      Defendant employed hundreds of employees at all relevant times and is an "employer" under the FLSA, the ADEA and the FWA.

9.     Defendant is a corporation that conducts business in Pinellas County, Florida.   Plaintiff worked at the   "Freedom Square" location in Seminole.

10.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA. At  all times material hereto, Defendant was an "enterprise engaged in commerce," within the meaning of the FLSA. At all times material hereto, it was an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

The annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, Plaintiff was an individual "engaged in commerce" within the meaning of §6 and §7 of the FLSA and is subject to individual coverage of the FLSA.

12. During Plaintiff's employment, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for the hours he worked in excess of forty (40) hours in a single work week. These records are in the possession of the Defendant and Lisa Schleis, who texted Plaintiff to perform work.

13. Plaintiff should have been compensated at the rate of one and one-half times his regular rate for those hours he worked in excess of forty (40) hours per week, as required by the FLSA. Defendants have violated the FLSA in that:

a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant but was not paid overtime;

b. Discovery will show the exact dates when Plaintiff has worked more than forty (40) hours a week during the last three years, but was only compensated for forty (40) hours per week;

c. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in

excess of forty (40) hours per work week, as provided by the FLSA, even though notice has been given to Defendant;

    d.  Defendant has failed to maintain proper time records as mandated by the FLSA;

    e.  Defendant has, at all times, acted in a willful manner.

14.  Plaintiff is also protected under the ADEA and FCRA in that he was an employee of Defendant, which employed more than 20 employees and which treated Plaintiff differently and terminated him at age 70 due to his age.

15.  Plaintiff was also wrongfully terminated in violation of the Florida Whistleblower Act when he complained and refused to engage in illegal acts, as discussed below.

16.  Plaintiff has retained the law firm of Saady & Saxe, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FACTUAL STATEMENT

17.  Plaintiff is 70 years old and is therefore, a member protected by the ADEA and the FCRA.

18.  Plaintiff began working for Defendant at Freedom Square as a physical therapist on July 1, 2000. He was an hourly employee.

19.  Plaintiff's performance was excellent. He has never been reprimanded about his actual job performance.

20. Plaintiff was given bogus reprimands once Lisa Schleis became his new supervisor in 2017. She is an Occupational Therapist Assistant and is in her mid-30's.

21. Plaintiff was by far, the oldest of the 4 therapists. The other physical therapists during the relevant time were Barb Abbott (about 50 years old), Pierre (mid-40's) and Julie (mid 40's).

22. After Lisa Schleis became the Supervisor of the Rehab Department, Plaintiff became aware of actions by her/Brookdale. These issues have been discussed by Plaintiff with Lisa Schleis and other therapists. In particular, Plaintiff objected to and refused to participate in actions by Brookdale that were in violation of law, rule or regulation.

23. Plaintiff believed that improper billing was being committed. He complained to Defendant, via Lisa Schleis, about actions taken in violation of Medicare Part B. He told her that Brookdale could not accept and treat patients who did not require therapy simply to boost revenues for the business. He also told her that Defendant could not keep patients on caseload who no longer required treatment. For example, Lisa Schleis would schedule patients for 75 minutes of treatment even when patients could not physically participate for that length of time. Further, Administration changed the 7-day notification of discharge form from "Therapy Services" to a "Transitional Care" form. This allowed Defendant to keep rehab patients in the building for an additional 2 to 4 weeks longer, and bill for those additional weeks.

24. When Lisa Schleis was scheduling patients who could not complete the 75 minutes of therapy or no longer required therapy, Plaintiff told her that he "could not justify this." To deal with Plaintiff's protestations, Lisa Schleis would schedule more of these patients with a physical therapist assistant. When Plaintiff reviewed the physical therapist assistant documentation on many of these patients, there was insufficient documentation to justify the treatment of time billed. Plaintiff advised Lisa Schleis of this problem on multiple occasions but to no avail.

25. These billing practices were a minor problem until Lisa Schleis became the Supervisor of the Rehab Department and had control over the scheduling of patients. In addition, her unprofessional behavior was witnessed by patients, as well. Lisa Schleis would verbally harass patients who would refuse treatment on any given day. One of Plaintiff's patients refused treatment one day because he did not feel well. Lisa Schleis went to speak to him in his room. The patient then came down to the therapy room after his encounter with Lisa and told Plaintiff, "Do whatever you need to do but just keep that crazy bitch away from me." Once Plaintiff began complaining about these actions, Lisa Schleis was very vocal about Plaintiff's age and her obvious bias against older employees. She began to target him. She gave him bogus reprimands about looking at his cell phone while patients working with *other* physical therapists are in the therapy room. Plaintiff has never used his cell phone in the presence of his *own* patients.

26. Plaintiff was illegally targeted since all therapists, including Supervisor Schleis, used her cell phone when patients were present. In fact, if Lisa Schleis applied this rule to all of the physical therapists (all of whom are significantly younger than Plaintiff), they would also have to be fired for using their cell phones while patients are present in the therapy room. Instead, only Plaintiff, the oldest physical therapist in the group, who had complained about Lisa Schleis's illegal actions, was reprimanded and then terminated.

27. Prior to his termination, Lisa Schleis had made comments about Plaintiff's age in that he "has seen it all" and is "old school." Lisa Schleis also told Plaintiff that he was "old school like Yolanda" (Yolanda Velez recently resigned due to conflicts with Lisa Schleis). In the Fall of 2018, Lisa Schleis escalated the frequency of the age-bias comments and told Plaintiff, at least 2 to 3 times a week, that he was "old school." Lisa Schleis also went so far as to ask Plaintiff, on many occasions, when he was "going to retire" or "when are you going to work for your son?"

28. Despite her numerous attempts to get Plaintiff to retire, he refused to do so. Thus, on December 7, 2018, Lisa Schleis terminated Plaintiff. She told him that he had allegedly been looking at his phone when there was a patient in the therapy room.

29. Plaintiff understands that a woman in her 30's, with far less experience, has replaced him.

30. In addition to the above, during Plaintiff's tenure with Defendant, Lisa Schleis called him at home on two occasions during his days off and asked him to immediately complete documentation on patients. Plaintiff engaged in the paperwork, per the instructions of Lisa Schleis. However, he was not compensated for this additional time in which he worked more than 40 hours a week to satisfy the Company's off-hours demands. Those records are in the possession of Defendant.

31. Plaintiff was fired effective December 7, 2018 due to his age and his refusal to participate in and objection to illegal acts by Defendant.

32. The Defendant acted with malice and a total disregard of Plaintiff's protected rights concerning the acts above, age discrimination and his termination.

33. Plaintiff has been discriminated against and retaliated against in violation of the ADEA, the FCRA and the Florida Whistleblower statute.

34. All the above actions taken by Defendant were facilitated and condoned by Defendant, which deprived Plaintiff of overtime pay, equal terms and conditions of his employment and retaliation after he complained about practices which were in violation of law, rule or regulation.

## COUNT ONE
## VIOLATION OF THE ADEA

35. Plaintiff realleges paragraphs 1 through 9; 14 through 21; 25 through 29; and 31 through 34 above as if set forth in full herewith.

36. The ADEA makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.

37. Defendant is liable for the age discrimination alleged herein in being treated differently in the terms, conditions and privileges of employment and in treating younger employees in the same department differently, and eventually being terminated because of his age.

38. Defendant and the acts of its agents were done with intent, malice and reckless disregard for Plaintiff's protected rights.

39. The actions of Defendant constitute age discrimination.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, back pay, front pay, liquidated damages, lost benefits, attorneys' fees and costs, all prejudgment interest, and all other damages and remedies available to him.

## COUNT TWO
## FCRA VIOLATION

40. Plaintiff realleges paragraphs 1 through 9; 14 through 21; 25 through 29; and 31 through 34 above as if set forth in full   herewith.

41. The FCRA makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.

42. Defendant is liable for the age discrimination alleged herein in being treated differently in the terms, conditions and privileges of employment and in treating younger employees in the same department differently, and eventually being terminated because of his age.

43. Defendant and the acts of its agents were done with intent, malice and reckless disregard for Plaintiff's protected rights.

44. The actions of Defendant constitute age discrimination.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, back pay, front pay, lost benefits, compensatory and punitive damages, attorneys' fees and costs, all prejudgment interest, and all other damages and remedies available to him.

### COUNT THREE
### FLSA VIOLATION

45. Plaintiff realleges and reavers paragraphs 1 through 3; 6 through 13; 16; 30; 32; and 34 of the Complaint, as if fully set forth herein.

46. Plaintiff worked in excess of forty (40) hours per week per the direction of Defendant, but was not properly compensated for his work. He was not paid at the statutory rate of one and one-half times his regular rate of pay.

47. Defendant was required to pay Plaintiff at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours. Defendant failed to do so.

48. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

49. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of

pay for the hours worked in excess of forty (40) hours per week when Defendant knew, or should have known, such was and is due and owing.

50. Defendant has failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51. Demand has been made for this overtime pay. Defendant has still failed to pay the overtime amounts.

52. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff is entitled to damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, liquidated damages costs and attorneys' fees, all prejudgment interest, and all other damages and remedies available to him.

## COUNT FOUR
## VIOLATION OF FLORIDA WHISTELBLOWER ACT

53. Plaintiff realleges paragraphs 1 through 3; 6; 15; 17 through 20; 22 through 26, and 31 through 34 as if set forth in full herewith.

54. Florida Statute, §448.101-105 is known as the Florida Whistleblower Act. Section 448.102(3) *et seq.* makes it unlawful to fire an employee who objected to or refused to participate in any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

55. Plaintiff engaged in statutorily protected express and complained to Defendant on a number of occasions including, but not limited to, the facts contained in paragraphs 22 through 26 above.

56. Plaintiff suffered an adverse employment action when Defendant terminated him effective December 7, 2018 because of his objection and refusal to participate in any activity, policy, or practice of the employer which is in violation of a law, rule or regulation, all in violation of Fla. Stat. § 448.102(3) *et seq.*

57. The termination of Plaintiff was causally linked to the statutorily protected activity, that is, the objections referred to in paragraphs 22 through 26 above.

58. The acts and inactions of Defendant/its agents were done with intent, malice and reckless disregard for Plaintiff's protected rights.

59. The termination of Plaintiff by Defendant is in violation of Fla. Stat. § 448.102(3) *et seq.*

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, compensatory damages, punitive damages, attorneys' fees and costs, all prejudgment interest, and all other damages and remedies available to him under §448.103 *et. seq.*

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands trial by jury on all issues so triable.

13

DATED this 5th day of August, 2019.

CLAIRE SAADY
Florida Bar No. 0102954
SAADY & SAXE, P.A.
360 Central Avenue
Suite 1160
St. Petersburg, FL  33701
(727) 291-1900
Attorneys for Plaintiff